UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM ALVIN SMITH,<br><br>                         Plaintiff,<br>     v.<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                         Defendant. | Case No. 3:13-cv-00459-MMD-VPC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

## I.    SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 31) ("R&R") relating to Plaintiff's motion for default judgement (dkt. no. 25), Plaintiff's motion for remand or reversal (dkt. no. 24), and Defendant's cross motion to affirm (dkt. no. 28.). The Court has reviewed Plaintiff's objection. (Dkt. no. 31.) The Court has also reviewed the Administrative Record ("AR") manually filed by the Defendant. (Dkt. no. 14.) For the reasons below, the Court adopts the R&R in full.

## II.    BACKGROUND

Plaintiff William Alvin Smith ("Smith") filed for Social Security Disability Insurance ("SSDI") benefits under Title II of the Social Security Act on December 3, 2009. (Dkt. no. 31 at 1.) On December 9, 2009, Smith also filed a claim for Supplemental Security Income ("SSI") payments under Title XVI of the Social Security Act. (*Id.*) Plaintiff's applications were denied on September 16, 2010, and then denied again upon reconsideration on January 4, 2011. (*Id.*) The denial was affirmed by an Administrative Law Judge ("ALJ") on January 31, 2012, and review was denied by the Appeals Council. (*Id.* at 2.)

On August 26, 2013, Smith filed a complaint in this Court seeking review of the ALJ's decision. (Dkt. no. 1.) After the Court granted two extensions, Smith filed a motion for remand or reversal on July 28, 2014 (dkt. no 24), followed by a motion for default judgment on August 15, 2014 (dkt. no. 25). Defendant, the Commissioner of Social Security ("Commissioner"), opposed both of Smith's motions and filed a motion to affirm the judgment of the ALJ. (Dkt. no. 28.)

### III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)). The Court must consider the entire record as a whole to determine whether substantial evidence exists, and must consider evidence that both supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 523 (citation omitted). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

### IV.   DISCUSSION

The Court agrees with the Magistrate Judge's recommendation to deny Smith's motion to remand and motion for default judgement. The Court also agrees with the

Magistrate Judge's recommendation to grant the Commissioner's motion to affirm.

### A. Motion for Default Judgment

Smith argues that the Magistrate Judge erred in finding that the Commissioner's response to his motion for remand was timely. (Dkt. no. 32 at 3-4.) As the Magistrate Judge explained in the R&R, Smith's argument is based on an incorrect date mistakenly entered into CM/ECF. This error, however, does not control the time for responding to Smith's motion. The Court's scheduling order (dkt. no. 16) established the deadline for the Commissioner's cross motion — thirty (30) days from Smith's July 28, 2014, filing. The Commissioner filed a reply and cross motion on August 25, 2104, which is well within the allotted time. (Dkt. nos. 28, 29.) The Magistrate Judge's recommendation to deny Smith's motion for default is correct.

### B. Denial of SSDI and SSI Benefits

The Magistrate Judge recommends upholding the Commissioner's decision to deny Smith's claim for benefits. Smith's objection to the R&R largely mirrors his motion to remand. (Dkt. no. 24.) He argues that the ALJ displayed bias by referring to him as obese, improperly discounted the testimony of his treating physician, and failed to take into account the June 5, 2014, report by Dr. Kimberly Bell, which was attached to his motion to remand. (Dkt. no. 32 at 4-7.)  The Court will address each argument.

#### 1. Bias Against Smith

The ALJ referenced Social Security Ruling 02-1p, a rule requiring ALJs to evaluate the effects of obesity in certain ways throughout their assessments. (AR at 20.) Consequently, the ALJ noted Smith's body mass index and discussed its relation to his claims. *Id.*

Smith argues that any references to obesity by the ALJ were a sign of bias, because there was no reference to obesity or body mass index in his medical records. (Dkt. no. 32 at 4.) The Magistrate Judge concluded that the ALJ was required to consider obesity in her decision, and that the written decision lacked any basis to rebut the presumption that she was unbiased. (Dkt. no. 31 at 10-11.)

The ALJ decision simply evaluated the interaction of Smith's body mass index with his impairments. This Court agrees with the assessment of the Magistrate Judge and further notes that Smith's body mass index is repeated throughout his medical records, including the reports from his treating physician, Dr. Robert Rand. *See, e.g.*, AR at 208.

### 2. Weight of Medical Testimony

The ALJ considered conflicting testimony from Smith's treating physician, Dr. Robert Rand, and a consultative orthopedic examiner, Dr. Richard Gasparre. (AR at 21-24.) The ALJ fully credited the findings of Dr. Gasparre and gave little weight to the findings of Dr. Rand. *Id*. Smith argues that the ALJ erred in dismissing his treating physician's opinions. (Dkt. no. 32 at 5-6.) The Magistrate Judge concluded that the ALJ's credibility determinations and decision were supported by clear and convincing reasons. (Dkt. no. 31 at 16.) This Court agrees with the Magistrate Judge.

While it is true that the ALJ may disregard the opinions of medical experts, the ALJ must articulate the rejection and the reasons for doing so. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison*, 759 F.3d at 1012 (internal quotation and citation omitted). An ALJ can satisfy the substantial evidence requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (internal quotation and citation omitted). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

///

As the Magistrate Judge correctly noted, the ALJ explained that Dr. Rand's conclusions and treatment notes contained a number of inconsistencies, while Dr. Gasparre's conclusions were consistent with Smith's medical record. (AR at 23-24.) The ALJ properly pointed out the basis for her decision to give Dr. Gasparre's findings more weight than Dr. Rand's findings, and relied on substantial evidence in reaching her final decision.

### 3. Dr. Bell's Report

Smith attached excerpts from a report by Dr. Kimberly Bell to his motion for remand. (Dk.t no. 24 at 16.) The excerpts state, among other things, that in Dr. Bell's opinion,"[i]t is difficult to imagine [Smith] being able to sustain a job at this point in time." (*Id.* at 20.) Smith argues that this evidence supports his original claims of disability.

However, this Court agrees with the Magistrate Judge's evaluation of Dr. Bell's report. The report is immaterial to the question of whether Smith was disabled between September 8, 2009, and February 16, 2012, so it has no bearing on the decision of the ALJ. The report may, as the Magistrate Judge noted, provide evidence supporting a new application for benefits.

## V. CONCLUSION

For the reasons discussed above, the R&R is accepted and adopted in full.

It is ordered that Smith's motion for default judgment (dkt. no. 25) is denied.

It is further ordered that Smith's motion for remand or reversal (dkt. no. 24) is denied.

It is further ordered that the Commissioner's cross motion to affirm (dkt. no. 28) is granted.

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 21st day of October 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE